(Hamilton Co., Court of Common Pleas.)

EMMA A. MEYERS v. FRANK SEINS-HEIMER, EMANUEL PECK AND OSCAR BEJACH.

An attorney giving advice to his client on which such client acted, is not liable for damages to a third party who claims to have been damaged by such action of such attorneys client.

The appeal bond in a case appealed from a J. P., must be filed within ten days, and where the tenth day is Sunday, it may be given on the Monday following. under sec. 4951, Rev. Stat.

---

This case involved a very interesting question of practice. It seems that Peck, Bejach & Co. brought a suit before a justice of the peace and recovered judgment against Emma A. Meyers. On the eleventh day after said judgment, the tenth day being Sunday, the constable levied upon the property of Emma A. Meyers. Subsequent to the levy, and on the same day Meyers entered into an undertaking for appeal.

The constable was undecided as to whether he should proceed with the sale of the property levied upon, or return it to the judgment debtor. The attorney for the judgment debtor claimed that the provisions of section 4951 of the Revised Statutes of Ohio as to the giving of bond applied to practice in the magistrate's courts. Mr. Frank Seinsheimer, the attorney for Peck, Bejach & Co. claimed under the case of McLees v. Morrison 29 Ohio St., 155, that the provisions of section 4951, which was formerly section 597 S. & C., did not apply.

The constable realizing his position, namely that he was liable to be sued by one party or the other, took advice of various counsel, and after retaining the property for about a week, returned it to the judgment debtor.

Thereupon Mrs. Meyers brought a suit in the court of common pleas against Mr. Seinsheimer and Peck, Bejach & Co. praying for judgment for $1000.00 damages, setting out that the constable placed the said property levied upon in the hands of Peck & Bejach, and that "through the advice of the said Frank Seinsheimer, attorney for the said Peck & Bejach, and the said Peck & Bejach acting upon said advice, and the defendants knowing that they had no right to hold the property of said plaintiff, refused to deliver the property up to the constable or to the plaintiff herein to be delivered to this plaintiff. That in order to further carry on their design to withhold the property, the said defendants knowingly and maliciously made efforts to have the bond filed by plaintiff herein, set aside and released, by claiming that plaintiff had not filed her bond and undertaking within the time required by law, well knowing that said bond and undertaking was duly filed and duly approved by said justice wthin the time required by law."

Thereupon a demurrer to the petition which was quite lengthy, was filed on behalf of Frank Seinsheimer claiming that the same did not set out a cause of action against him. A brief was submitted, and upon consideration, Judge Wright sustained the demurrer and dismissed Mr. Seinsheimer from the proceeding.

Subsequently. a demurrer was filed to the petition on behalf of Peck & Bejach, on the ground that the petition did not state a cause of action as against them. In deciding that demurrer, Judge Spiegel, held as follows:

"A lengthy, rather involved petition is filed in this case by plaintiff against defendants. One of the defendants, Mr. Frank Seinsheimer, has been dismissed from the case upon demurrer, and I consider very properly so.

Does the demurrer lie in favor of the other two defendants? Section 6584, Revised Statutes, provides that the party appealing from the final judgment of a justice, shall within ten days from the rendition of the judgment, give bond. Section 6705 provides that the provisions of title one, part third, of the Revised Statutes shall be applicable to the proceedings before justices of the peace. And section 4951, provides that the last day of the time within which an act is required by law to be done, if a Sunday shall be excluded. This being the case, the bond was properly given on Monday the eleventh day, the tenth, Sunday, being excluded.

The decision of the supreme court in McLees v. Morrison 29 Ohio St., 155, is

not applicable because as therein stated, the then section 597 (Swan and Critchfield) now section 4951, was applicable at that time only to cases provided for in the code of civil procedure itself, in which said section appeared, and which section has since the revision of 1880, been extended to other cases, by omitting the word "herein", which limited it to causes appearing in the code of civil procedure.

In accordance with this view, the demurrer must be overruled."